UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD D. BOSTWICK,<br>      Plaintiff<br><br>v.<br><br>SOVEREIGN BANK, SOVEREIGN<br>BANCORP, INC. and FEDERAL<br>NATIONAL MORTGAGE<br>ASSOCIATION a/k/a FANNIE MAE,<br>      Defendants | )<br>)<br>)<br>)<br>)   Civil Action No. 1:09-11005-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO COMPLAINT**

Pursuant to Fed. R. Civ. P. 8 and 12, defendants Sovereign Bank ("Sovereign") and Sovereign Bancorp, Inc ("Bancorp") hereby answer in numbered paragraphs corresponding to those of the Complaint and Jury Demand (the "Complaint") filed by plaintiff Richard D. Bostwick (the "Plaintiff") as follows:

**INTRODUCTION**

1.    Sovereign and Bancorp admit that the Plaintiff is facing foreclosure. The remainder of paragraph 1 of the Complaint contains legal conclusions to which no responsive pleading is required.

2.    Paragraph 2 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 2 of the Complaint.

3.	Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 3 of the Complaint.

## IDENTITY OF THE PARTIES

4.	Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 3 as if set forth in full herein.

5.	Sovereign and Bancorp admit that the Plaintiff is the mortgagor for mortgage with the loan number 7386000146 for property located at 44 Chestnut St., Wakefield, Massachusetts.  Further responding, Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 5 of the Complaint.

6.	Sovereign and Bancorp admit the factual allegations in the first and second sentences of paragraph 6 of the Complaint.  Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the third sentence of paragraph 6 of the Complaint.  Sovereign and Bancorp admit that 75 State Street, Boston, Massachusetts is a mailing address for Sovereign Bank and Bancorp.

7.	Sovereign and Bancorp admit the factual allegations contained in the first sentence of paragraph 7 of the Complaint.  Sovereign and Bancorp deny the factual allegations contained in the second sentence of paragraph 7 of the Complaint.  Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the third sentences of paragraph 7 of the Complaint.  Sovereign and Bancorp admit that 75 State Street, Boston, Massachusetts is a mailing address for Sovereign Bank and Bancorp.

8. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Complaint.

### FACTS FOR "STATEMENT OF CLAIMS" AND "REQUESTS FOR RELIEF"

9. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 8 as if set forth in full herein.

10. Sovereign and Bancorp admit the Plaintiff is facing foreclosure for the property located at 44 Chestnut St., Wakefield, MA but deny that foreclosure will occur in a few weeks.

11. Paragraph 11 of the Complaint contains legal conclusions to which no responsive pleading is required.  Further responding, Sovereign and Bancorp deny the allegation that any of their actions were in violation of the law.

12. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Sovereign and Bancorp deny the allegations contained in paragraph 14 of the Complaint.

15. Sovereign and Bancorp deny the allegations contained in paragraph 15 of the Complaint.

16. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

**STATEMENT OF CLAIMS**

**COUNT I**      **VIOLATIONS OF UNIFORM COMMERCIAL CODE – NEGOTIABLE INSTRUMENTS LAWS – G.L. c. 106 ARTICLE 3 AND ASSIGNMENT OF MORTGAGE AND FORCLOSURECASE LAW**

17. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 16 as if set forth in full herein.

18. Sovereign and Bancorp admit the allegation in the first sentence of paragraph 18 of the Complaint. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 18 of the Complaint. Sovereign and Bancorp deny the remaining allegations contained in paragraph 18 of the Complaint.

19. The allegations in the first sentence of paragraph 19 of the Complaint contain legal conclusions to which no responsive pleading is required. Sovereign and Bancorp deny the remaining allegations contained in paragraph 19 of the Complaint.

20. The allegations in the first, second and third sentences of paragraph 20 of the Complaint contain legal conclusions to which no responsive pleading is required. The fourth and fifth sentences contain legal allegations to which no responsive pleading is required. Sovereign Bank and Bancorp deny any remaining allegations in paragraph 20 of the Complaint.

21. The allegations in the first and second sentences of paragraph 21 of the Complaint contain legal conclusions to which no responsive pleading is required. The third sentence of paragraph 21 contains a legal allegation to which no responsive pleading is required. To the extent that a response is required, Sovereign and Bancorp deny the allegations contained in paragraph 21 of the Complaint.

22. Sovereign and Bancorp deny the allegations contained in the first sentence of paragraph 22. The second sentence of paragraph 22 contains a legal allegation to which no responsive pleading is required. To the extent that a response is required, Sovereign and Bancorp deny the allegations contained in paragraph 22 of the Complaint.

23. The allegations in the first and third sentences of paragraph 23 of the Complaint contain legal conclusions to which no responsive pleading is required. The second sentence of paragraph 23 contains legal allegations to which no responsive pleading is required. To the extent that a response is required, Sovereign and Bancorp deny the allegations contained in paragraph 23 of the Complaint.

**COUNT II        VIOLATIONS OF UNIFORM FRAUDULENT TRANSFER ACT – G.L. c. 109A**

24. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 23 as if set forth in full herein.

25. The first sentence in paragraph 25 contains a legal conclusion to which a responsive pleading is not required. To the extent that a response is required, Sovereign and Bancorp deny the allegation contained in the first sentence of paragraph 25 of the Complaint. Sovereign and Bancorp deny the allegations in the second, third and fourth sentences of paragraph 25. The fifth sentence of paragraph 25 contains a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Sovereign and Bancorp deny any remaining allegations contained in paragraph 25 of the Complaint.

**COUNT III**     **VIOLATIONS OF SOLDIERS ' AND SAILORS' CIVIL RELIEF ACT OF 1940 AS AMENDED**

26.     Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 25 as if set forth in full herein.

27.     The allegations in the first sentence contain a legal conclusion to which no responsive pleading is required.  The allegations in the second sentence of paragraph 27 of the Complaint contain a legal allegation to which no responsive pleading is required.  Sovereign and Bancorp deny the allegations in the third and fourth sentences.  The allegations in the fifth sentence contain legal conclusions to which no responsive pleading is required.  To the extent that a response is required, Sovereign and Bancorp deny any remaining allegations.

**COUNT IV**     **VIOLATIONS OF FORECLOSURE AND REDEMPTION OF MORTGAGES – G.L. c. 244**

28.     Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 27 as if set forth in full herein.

29.     Sovereign and Bancorp deny the allegations in the first sentence of paragraph 29 of the Complaint.  The second sentence of paragraph 29 contains a legal allegation which does not require a responsive pleading.  Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 29 of the Complaint.  Sovereign and Bancorp deny the allegations in the fourth sentence of paragraph 29 of the Complaint.  The fifth sentence of the Complaint contains a legal conclusion to which no responsive pleading is required.  To the extent that a responsive pleading is required, Sovereign and Bancorp deny any remaining allegations.

30. Sovereign and Bancorp deny the allegation contained in the first sentence of paragraph 30 of the Complaint. The second sentence of paragraph 30 contains a legal allegation which does not require a responsive pleading. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 30 of the Complaint. Sovereign and Bancorp deny the allegations contained in the fourth sentence of paragraph 30 of the Complaint. The fifth sentence of paragraph 30 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, Sovereign and Bancorp deny any remaining allegations.

**COUNT V        REACH AND APPLY OF FRAUDULENTLY TRANSFERRED MORTGAGE - G.L. c. 214**

31. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 30 as if set forth in full herein.

32. Sovereign and Bancorp deny the allegations contained in paragraph 32 of the Complaint.

33. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

**COUNT VI       MEMORANDUM OF LIS PENDENS CONCERNING TITLE – G.L. c. 184 § 15**

34. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 33 as if set forth in full herein.

35. Paragraph 35 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required,

Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

**COUNT VII**     **PRELIMINARY INJUNCTIVE RELIEF CONCERNING FORECLOSUR ISSUES – MASS. R. CIV. P. RULE 65(B)**

36. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 35 as if set forth in full herein.

37. Sovereign and Bancorp deny the allegations contained in paragraph 37 of the Complaint.

**COUNT VIII**     **DECLARATORY RELIEF CONCERNING FORECLOSURE ISSUES – G.L. c. 231 A – MASS. R. CIV. P. RULE 57 WITH TRIAL BY JURY**

38. Sovereign and Bancorp incorporate and reallege its responses to paragraphs 1 through 37 as if set forth in full herein.

39. Sovereign and Bancorp deny the allegations contained in paragraph 39 of the Complaint.

**COUNT IX**     **VIOLATION OF LEAD POISONING PREVENTION LAWSAND STATE SANITARY CODE (G.L. c. 111§ 189A – 199A, --105 CMR 460), (G.L. c. 149 § 6, G.L. c. 111 § 189A – 199A, --454 CMR 22), (G.L. c. 149 § 11A, -- 454 CMR 23) and (G.L. c. 111§ 127A – 127K, -- 105 CMR 400, 105 CMR 410)**

40. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 39 as if set forth in full herein.

41. Sovereign and Bancorp deny the allegations contained in paragraph 41 of the Complaint.

42. Sovereign and Bancorp lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 30 of the Complaint. Sovereign and Bancorp deny the remaining allegations contained in paragraph 42 of the Complaint.

**COUNT X        BREACH OF COVENANTS**

43. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 42 as if set forth in full herein.

44. Sovereign and Bancorp deny the allegations contained the first and second sentences of paragraph 44 of the Complaint. The third sentences of paragraph 44 contain a legal allegation which does not require a responsive pleading. To the extent that a response is required, Sovereign and Bancorp deny any remaining allegations.

45. Sovereign and Bancorp deny the allegations contained in paragraph 45 of the Complaint.

**COUNT XI        BREACH OF WARRANTIES**

46. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 45 as if set forth in full herein.

47. Sovereign and Bancorp deny the allegations contained in paragraph 47 of the Complaint.

**COUNT XII   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING –
G.L. c. 106§ 1-203**

48. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 47 as if set forth in full herein.

49. The first sentence of paragraph 49 contains a legal allegation and does not require a responsive pleading. Sovereign and Bancorp deny the remaining allegations contained in paragraph 49 of the Complaint.

**COUNT XIII      FRAUDULENT CONCEALMENT AND MISREPRESENTATION /FRAUD**

50. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 49 as if set forth in full herein.

51. Sovereign and Bancorp deny the allegations contained in paragraph 51 of the Complaint.

52. Sovereign and Bancorp deny the allegations contained in paragraph 52 of the Complaint.

53. Sovereign and Bancorp deny the allegations contained in paragraph 53 of the Complaint.

**COUNT XIV      FRAUD/DECEIT**

54. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 53 as if set forth in full herein.

55. Sovereign and Bancorp deny the allegations contained in paragraph 55 of the Complaint.

**COUNT XV      RESTITUTION / UNJUST ENRICHMENT**

56. Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 55 as if set forth in full herein.

57.     Sovereign and Bancorp deny the allegations contained in paragraph 57 of the Complaint.

**COUNT XVI     NEGLIGENCE**

58.     Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 57 as if set forth in full herein.

59.     Sovereign and Bancorp deny the allegations contained in paragraph 59 of the Complaint.

**COUNT XVII     INFLICTION OF EMOTIONAL DISTRESS**

60.     Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 59 as if set forth in full herein.

61.     Sovereign and Bancorp deny the allegations contained in paragraph 61 of the Complaint.

62.     Sovereign and Bancorp deny the allegations contained in paragraph 62 of the Complaint.

**COUNT XVIII     VIOLATIONS OF REGULATION OF BUSINESS PRACTICES FOR CONSUMERS' PROTECTION – G.L. c. 93A**

63.     Sovereign and Bancorp incorporate and reallege their responses to paragraphs 1 through 62 as if set forth in full herein.

64.     Sovereign and Bancorp deny the allegations contained in paragraph 64 of the Complaint.

65.     Sovereign and Bancorp deny the allegations contained in paragraph 65 of the Complaint.

66.     Sovereign and Bancorp deny the allegations contained in paragraph 66 of the Complaint.  Further responding, Sovereign and Bancorp deny that their actions resulted in damages to the Plaintiff.

67.     Sovereign and Bancorp admit the factual allegations in contained in the first sentence of paragraph 67.  Sovereign and Bancorp deny the allegations contained in the second and third sentence of paragraph 67.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each of its counts fail to state a claim against Sovereign and Bancorp upon which relief can be granted.

### Second Affirmative Defense

One or more of the Plaintiff's claims are barred by the doctrines of estoppel, waiver and laches.

### Third Affirmative Defense

One or more of the Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

All of Sovereign's and Bancorp's actions or inactions were done in good faith and in conformity with commercially reasonable banking practices, with respect to all transactions and occurrences that are alleged in the Complaint.

### Fifth Affirmative Defense

The Plaintiff's damages, if any, were caused by parties whose conduct is not attributable to Sovereign.

### Sixth Affirmative Defense

Sovereign and Bancorp complied with all of their contractual obligations to the Plaintiff.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense

Sovereign and Bancorp did not act unfairly or deceptively so as to subject themselves to liability under M.G.L. c. 93A.

### Ninth Affirmative Defense

The Plaintiff failed to perform its obligations as required by the terms of the contract.

### Tenth Affirmative Defense

The Plaintiff has not suffered any cognizable damages.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because he failed to mitigate his damages, if any were incurred.

### Twelfth Affirmative Defense

Sovereign and Bancorp state that the Plaintiff's claims must be dismissed because the alleged acts or omissions of Sovereign and Bancorp were done with the actual or implied consent of the Plaintiff.

### Thirteenth Affirmative Defense

The actions complained about in the Complaint, if proven by the Plaintiff, are outside the scope of any contractual relationship or agreement between Sovereign, Bancorp and the Plaintiff, and were not authorized by Sovereign and/or Bancorp.

### Fourteenth Affirmative Defense

Plaintiff has failed to plead fraud with particularity.

### Fifteenth Affirmative Defense

Plaintiff would be unjustly enriched

### Sixteenth Affirmative Defense

Plaintiff is not entitled to recovery of consequential damages, if any were incurred, in this action.

### Seventeenth Affirmative Defense

Plaintiff has named an improper party in Sovereign Bancorp, Inc.

### Eighteenth Affirmative Defense

Sovereign and Bancorp are under contractual obligation to keep the assignment to Federal National Mortgage Association unrecorded in land records and to initiate foreclosure proceedings in the name of Sovereign.

### Nineteenth Affirmative Defense

Plaintiff has suffered no cognizable manifestations of emotional distress.

WHEREFORE, Sovereign Bank and Bancorp respectfully requests that the Court:

A.  Dismiss the Complaint with prejudice and enter final judgment in Sovereign's favor and against the Plaintiff;

B.  Award Sovereign its attorneys' fees and costs incurred in this action; and

    C.    Award Sovereign such other relief as the Court deems just and proper.

        SOVEREIGN BANK and SOVEREIGN BANCORP,
        By their Attorneys,

        */s/ Donn A. Randall*
        Donn A. Randall, BBO #631590
        Jennifer Rocha, BBO# 669051
        Bulkley, Richardson and Gelinas, LLP
        98 North Washington Street, Suite 500
        Post Office Box 9750
        Boston, Massachusetts 02114-0016
        Telephone: (617) 368-2500
        Facsimile: (617) 368-2525

Dated: August 13, 2009

## **CERTIFICATE OF SERVICE**

I, Donn A. Randall, hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this 13th day of August, 2009.

        */s/ Donn A. Randall*
        Donn A. Randall